# JOHN JASSOY *et al.*

*v.*

# WILLIAM DELIUS *et al.*

1. HUSBAND AND WIFE—*wife—money coming to her before act of* 1861, *and her earnings prior to act of* 1869, *subject to husband's debts.* Where the wife had, at the time of her marriage, $2000, that being before the act of 1861, and in 1862 she went into the millinery business, which she continued until 1871: *Held,* that the $2000 belonged to her husband, and that the profits arising from the millinery business prior to the act of 1869, at least beyond the interest in the wife's separate capital which was employed, was to be regarded as the wife's earnings, and as such belonged to the husband, and liable for his debts.

2. SAME—*creditor's bill, to subject property in wife's name.* On creditor's bill to subject real estate held in the name of a wife to the payment of a judgment against her husband, it appeared that, after the failure of the husband, his dwelling house was sold, subject to his homestead right, and a mortgage for $1000, and purchased by his wife, who subsequently sold it for $2500, and, after paying the mortgage, she purchased, in her own name, another house for $2200, in which she and her husband lived at the hearing on the bill; that, in 1862, the wife went into the millinery business, from the profits of which she purchased a store for $4500; that at the time of the decree she was possessed of this house and store, with about $1000 at interest; and that, aside from the profits of the millinery business, all the separate estate she ever had was only about $2100, $2000 of which she had at the time of her marriage, which was before the Married Woman's act of 1861. The court below decreed the payment of the judgment, amounting to $273.39 and costs: *Held,* that, as the $2000 the wife had at her marriage, and her earnings in the millinery business up to 1869, except the interest on her separate capital, belonged to the husband, the proof showed satisfactorily that the wife held in her name property of her husband to an amount equal to that found by the decree, and the decree was affirmed.

WRIT OF ERROR to the Court of Common Pleas of the city of Aurora; the Hon. R. G. MONTONY, Judge, presiding.

This was a creditor's bill, by William and Detmar Delius, against John Jassoy, and A. B. Jassoy, his wife. It recited the recovery of a judgment against John Jassoy for $232.44

and costs, at the December term, 1870, of the said court of common pleas, the issue of execution thereon and its return of no property found, and charged that he had property taken in his wife's name to prevent paying complainants' debt.

The decree of the court below was, that the wife had in her possession, belonging to her husband, more than enough to pay the judgment, and had property amounting to several thousand dollars, which belonged to the husband, that was held by her with fraudulent intent to cheat his creditors; and found the amount due complainant at $273.39, and ordered, if the same was not paid in ten days, that an execution issue as on a judgment at law for such suits and costs of suit, against the property of both defendants, and that the decree be a lien in the city of Aurora.

Messrs. Parks & Annis, and Messrs. VanArman & Vallette for the appellants.

Mr. Justice Sheldon delivered the opinion of the Court:

This was a creditor's bill, brought by the appellees against John Jassoy, and A. B. Jassoy, his wife, to subject certain property, held in the name of the latter, to the payment of a judgment which had been recovered by the appellees against John Jassoy, the husband.

The court below rendered a decree against the defendants for the sum of $273.39 and costs. They appealed.

The proof shows that, in 1861, John Jassoy failed in business as a banker; that his dwelling house was sold at public sale by his assignee, subject to Jassoy's homestead right and a mortgage for $1000, and was afterwards purchased by his wife, A. B. Jassoy, who subsequently sold it for $2500, and after paying the mortgage on it of $1000, she purchased, in her own name, another house for $2200, where she and her husband now live.

In 1862, Mrs. Jassoy entered into the millinery business, which was successful, and she continued in it until in 1871. From the

profits of this business she purchased a store in her own name for $4500. This house and store, together with about $1000 money at interest, she appeared to be possessed of at the time of the decree.

Aside from the profits of her millinery business, the proper separate estate which she ever had was only about $2100. The $2000 which she had at the time of her marriage, that being before the passage of the Married Woman's act, so called, of 1861, belonged to her husband.

The profits arising from the conduct of the millinery business previous to the act of 1869, allowing to married women their earnings, at least all beyond the interest on the amount of the wife's separate capital which was employed, we think, must be regarded as the earnings of the wife, and, as such, be held to belong to the husband.

The proof shows, satisfactorily, that Mrs. Jassoy held, in her name, property of her husband to an amount at least equal to that found by the decree.

The decree must be affirmed.

*Decree affirmed.*